# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ROY BELFAST,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20CV00235 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL BRECKON, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Roy Belfast, Pro Se Plaintiff.*

Plaintiff Roy Belfast, a federal prisoner proceeding pro se, has filed a civil action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C. § 1331. Belfast sues three Federal Bureau of Prisons ("BOP") employees, alleging that these officials failed to properly investigate BOP grievances that Belfast filed or appealed, complaining about inaccuracies in his Presentence Investigation Report ("PRS"). After review of the complaint, I conclude that the lawsuit must be summarily dismissed.

Belfast is serving a lengthy criminal sentence in the custody of the BOP.

Belfast is the son of the former President of Liberia, Charles Taylor. Belfast was convicted of committing acts of torture in Liberia between 1999 and 2003, during his father's presidency. *See United States v. Belfast*, 611 F.3d 783, 793–800 (11th Cir. 2010) (recounting Belfast's conduct as head of an Anti-Terrorism Unit in Liberia and describing how he "wielded his power in a terrifying and violent manner" and tortured numerous individuals). After a jury trial in the

> Southern District of Florida, the court convicted Belfast of: committing substantive crimes of torture against five named victims, in violation of 18 U.S.C. § 2340A(a); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and conspiring to use and carry a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(o). The court sentenced Belfast to ninety-seven years of incarceration. The Court of Appeals for the Eleventh Circuit affirmed his convictions and sentence, *Belfast*, 611 F.3d at 783, and the Supreme Court of the United States denied his petition for writ of certiorari, *Belfast v. United States*, 562 U.S. 1236 (2011).

*Belfast v. Breckon*, No. 7:18CV00453, 2019 WL 4455992, at *1 n.1 (W.D. Va. Sept. 17, 2019). Belfast also pursued unsuccessful motions to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the Southern District of Florida. *See, e.g., Belfast v. United States*, No. 18-21143-CIV-ALTONAGA/White, 2018 WL 10440580, at *1 (S.D. Fla. May 7, 2018) (citing cases). Belfast is currently confined in the United States Penitentiary Lee ("USP Lee"), located in this judicial district.

Belfast's current Complaint under *Bivens* names the following individuals as defendants: USP Lee Warden Breckon, BOP Regional Director Angela Dunbar, and BOP National Inmate Appeals Coordinator Ian Smith. He seeks millions of dollars in damages. Attached to the Complaint are over 200 pages of exhibits without explanations of any kind, including: a "Memorandum Attached to Claim # 1"; BOP administrative grievance forms, responses, and appeals; letters to various federal agencies; and a court order from years ago, denying Belfast's request for correction of his PSR. Compl. Attachs., ECF Nos. 1-1, 1-2. As I understand Belfast's claims

from this disjointed set of submissions, he asserts that the defendants violated his First and Fifth Amendment rights by "their failure to properly investigate" Belfast's purported "new evidence" offered in a series of written prison grievances and appeals, which allegedly proves that the Judgment and Commitment Order in his criminal case violates federal law.  Compl. Attach. 1, ECF No. 1-1.

In essence, Belfast is seeking monetary damages for harm caused by the defendants' alleged shortcomings that have prevented the invalidation of his confinement.  Thus, the heart of his lawsuit attacks the validity of the criminal judgment against him.  He claims to have obtained documentation showing that the "trial record is 'void'" of evidence proving the court's jurisdiction to convict him of the charged offenses.  *See* Compl. Attach. 3, ECF No. 1-2.  As such, he contends, "the judgment in its present form is invalid and is being illegally executed" by BOP staff, which allegedly violates his constitutional rights and allows "fraudulent use and or misappropriation of Congressional budgetary dollars."  *Id.*  Belfast states that he does not seek "immediate release," but only whatever relief is required by federal laws and treaties.  *Id.*  He declares: "Warning: Failure to investigate would be fraudulent execution of [his] J&C" by the USP Lee staff.  *Id.*

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). An individual may bring a civil suit against a federal officer for damages stemming from a constitutional violation. *Bivens*, 403 U.S. at 392. A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, and therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 839–47 (1994); *Harlow v. Fitzgerald*, 457 U.S. 800, 814–820, n.30 (1982).

As an initial matter, contrary to Belfast's contentions, failure to respond to his grievances or appeals in the manner he believed appropriate did not deprive him of constitutionally protected rights. "[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process." *See Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017). Consequently, Belfast has no § 1983 claim based on his conclusory allegation that the defendants' answers to his grievances and appeals were allegedly incomplete or nonresponsive, for which he is entitled to monetary damages.

More importantly, it is well established that a prisoner cannot use a civil rights action to attack "the fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). In other words, a *Bivens* claim for monetary damages or equitable relief is not cognizable if it implies the invalidity of a criminal conviction.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Poston v. Shappert*, 222 F. App'x 301, 301 (4th Cir. 2007) (unpublished) (applying *Heck* rationale to bar claims for damages under § 1983 and *Bivens*). Under the rule set forth in *Heck*, a prisoner cannot use a civil rights action to obtain relief

> where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence. . . . [A] prisoner's [civil rights] action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson*, 544 U.S. at 81–82. In short, a *Bivens* action that essentially challenges the validity of a criminal judgment is barred by *Heck*, absent a showing that the underlying criminal judgment has already been invalidated by other means. *Heck*, 512 U.S. at 486–87 (prisoner may not bring civil rights claims regarding allegedly unconstitutional convictions unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

I conclude that Belfast's claims against BOP officials fall squarely within the category of civil rights claims barred by *Heck*. If Belfast could persuade a fact finder that the evidence was insufficient to support his federal convictions, as he alleges in this *Bivens* Complaint, a ruling in his favor would necessarily imply the invalidity

of his federal convictions. Certainly, Belfast presents no evidence that his convictions for torture and related offenses have been invalidated or overturned. Accordingly, I find that his *Bivens* claims that the defendants' actions prevented him from proving the faults of the prosecution against him are barred by *Heck*. Therefore, I will summarily dismiss the entire civil action, pursuant to 28 U.S.C. §1915A(b)(1), as legally frivolous.

A separate Final Order will be entered herewith.

DATED: November 23, 2020

/s/ JAMES P. JONES
United States District Judge